ORDER GRANTING PETITIONERS’ MOTIONS TO DISMISS
NOW on this 21st day of January, 2003, this matter comes on for disposition, the Court having heard the oral argument of the parties and having considered the briefs and authority submitted regarding the Respondents’ Motions to Dismiss. The Petitioner, Robin Mayes, appeared pro se. The Respondent Chadwick Smith appeared by Diane Hammons, Director, Cherokee Nation Justice Department. The Respondent Council of the Cherokee Nation appeared by Todd Hembree, Attorney at Law.
The parties spoke to the Motions and answered the questions of the Court. After due deliberation, THE COURT FINDS that the Petitioner has failed to meet his burden of proof in establishing his standing to bring this lawsuit. Accordingly, IT IS ORDERED that the Respon *41 dents’ Motions to Dismiss are hereby GRANTED.
The Plaintiff has urged that:
Petitioner and all other descendants (sic) of the Cherokee citizens who were wrongfully removed from their home lands and forced on the “Trail of Tears” to this land, where we now live, have the right to participate in the determination of actions upon “our lands owned in common”.[1]
The Court is unable to agree with Petitioner’s characterization of the Arkansas Riverbed as “lands owned in common”, whether by descendants of Trail of Tears Cherokees, or Cherokees who voluntarily emigrated, and whether or not “we now live” in “this land”. We feel that the land is owned by the Cherokee Nation and not by its citizens in common or otherwise. That is to say, that any ownership rights of individual Cherokee citizens come through the ownership of the land by the Nation and thence by the individual’s membership in the Nation. Accordingly, the Petitioner has failed to demonstrate any “particularized harm” which would convey standing to bring this action.
We take note that the Tribal Council has passed LA 5-94 which amended Legislative Act 11-90 by adding a new section entitled “Costs and Attorneys Fees,” codified as Section 5 of Chapter 1 of Title 20, Cherokee Nation Code Annotated, and which reads:
Unless otherwise expressly provided for by statute enacted by the Council of Cherokee Nation, no award of costs or attorneys fees shall be made In favor of any party or parties to any lawsuit, action, claim, appeal, grievance or controversy of any kind initiated within or brought before any department, agency, commission or board of the Cherokee Nation or the District Court or Judicial Appeals Tribunal of the Cherokee Nation, regardless of which party or parties may prevail.
An emergency was declared at the time of passage of LA 5-94. Presumably that emergency is still in effect. We decline to award attorneys’ fees or costs to the defendant.

. Petition for Declaratory and Injunctive Relief, JAT-02-10 filed May 31, 2002, paragraph 11.